**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**KRISTIN BECK,**

      **Plaintiff,**

**v.**                                     **CASE NO.:**

**ACE HOME & GARDEN CENTER**
**OF BAY COUNTY LLC,**

      **Defendant.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTIN BECK, by and through undersigned counsel, brings this action against Defendant, ACE HOME & GARDEN CENTER OF BAY COUNTY LLC, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.,

2.      This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

4.      Venue is proper in the Northern District of Florida, because all of the events giving rise to these claims occurred in Bay County, Florida.

## PARTIES

5.      Plaintiff is a resident of Bay County, Florida, and she worked at Defendant's place of business in Bay County.

6.      Defendant is authorized to do business in Florida, and operates a hardware store in Bay County.

## GENERAL ALLEGATIONS

7.      This is an action to recover damages suffered by Plaintiff while she was employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

8.      Plaintiff was a full-time employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

9.      Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10.     Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

12.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

13.     Plaintiff has satisfied all conditions precedent, or they have been waived.

2

14.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

15.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.     Plaintiff began working for Defendant as a cashier in or around February 2018. In August 2018, Plaintiff was promoted to head cashier and she remained in this position until January 2020.

17.     At all times material hereto, Plaintiff was a pregnant woman.

18.     Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of Title VII.

19.     Plaintiff performed the job for which she was hired in a satisfactory manner.

20.     In or around December 2019, Plaintiff learned that she was an expectant mother, and thus belonged to a class of persons benefiting from special protections under the FMLA.

21.     In or around December 2019, Plaintiff requested leave for incapacity due to pregnancy, for the expected birth of her child, and for any potential serious health condition that she might suffer following the birth of her child, as she was entitled to do under the FMLA. See 29 C.F.R. § 825.120(4).

22.     Defendant denied Plaintiff's request to utilize FMLA leave.

23.     Defendant knew or should have known of Plaintiff's status as an expectant mother, because Plaintiff had engaged Defendant in a dialogue about her upcoming maternity leave as early as December 2019.

3

24.     By requesting maternity leave that qualified as FMLA leave under 29 C.F.R. § 825.120(4), Plaintiff exercised her rights under the FMLA.

25.     In December 2020, Plaintiff asked for a reasonable accommodation. Specifically, Plaintiff asked for a brief leave of absence.

26.     Defendant could have easily and reasonably accommodated Plaintiff's request; however it refused to engage in an interactive discussion regarding Plaintiff's need for accommodations and denied her request.

27.     Thus, Plaintiff was subjected to disparate treatment on the basis of her pregnancy.

28.     Plaintiff attempted to engage in a discussion with Defendant regarding her need for accommodations for the remainder of her pregnancy.

29.     Plaintiff complained about the discrimination she experienced because of her sex and pregnancy.

30.     In response, Defendant took no remedial action.

31.     On or about January 31, 2020, Defendant terminated Plaintiff's employment in retaliation for pursuing her rights under the FMLA and Title VII.

## COUNT I – FMLA INTERFERENCE

32.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as fully set forth herein.

33.     Plaintiff required time off from work to care for herself in preparation for, during, and after the birth of a child.

34.     Thus, Plaintiff was an expectant mother who was entitled to special protections under the FMLA, and she required leave protected under the FMLA.

35.     Defendant denied Plaintiff's request for reasonable accommodation and terminated her employment.

36.     Plaintiff exercised her rights under the FMLA, and Defendant interfered with the exercise of Plaintiff's rights under the FMLA, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

37.     Defendant's actions were willful and done with malice.

38.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     That this Court enter a judgment that Defendant interfered with Plaintiff's rights, in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

39.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint, as fully set forth herein.

40.     Plaintiff required time off from work to care for herself in preparation for, during, and after the birth of a child.

41.     Thus, Plaintiff was an expectant mother who was entitled to special protections under the FMLA, and she required leave protected under the FMLA.

42.     By requesting maternity leave that qualified as protected leave under the FMLA, Plaintiff attempted to exercise her rights under the FMLA.

43.     By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for attempting to exercise her rights under the FMLA.

44.     Defendant's actions were willful and done with malice.

45.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

### <u>COUNT III – TITLE VII VIOLATION</u><br>(SEX/PREGNANCYDISCRIMINATION)

46.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

47.     Plaintiff is a member of a protected class under Title VII.

48.     Plaintiff was subjected to disparate treatment on the basis of her sex and pregnancy, including termination of her employment.

49.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

50.     Defendant's actions were willful and done with malice.

51.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of Title VII by Defendant;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)     Any other compensatory damages, including emotional distress, allowable at law;

g)     Punitive damages;

h)     Prejudgment interest on all monetary recovery obtained.

i)     All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

52.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

53.     Plaintiff is a member of a protected class under Title VII.

54.     Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

55.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

56.     Defendant's actions were willful and done with malice.

57.     In terminating her employment, Defendant took material adverse action against Plaintiff.

58.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d)      That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)      Compensation for lost wages, benefits, and other remuneration;

f)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)      Front pay;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of October, 2020.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**

10